IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD STANLEY LAVIGNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:23-285 & 3:24-2 |
| MICHAEL UNDERWOOD, Warden, ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith Pesto |
| Respondent. ) | |

## MEMORANDUM OPINION

Presently before the Court are two § 2241 habeas petitions filed by Petitioner Donald Stanley Lavigne against Michael Underwood, Warden at FCI Loretto and two Reports and Recommendation of United States Magistrate Judge Keith Pesto dated November 22, 2023 and January 12, 2024, respectively, recommending that the petitions be denied preservice. (Civ. A. No. 3:23-285, Docket Nos. 4, 5; Civ. A. No. 3:24-2, Docket Nos. 6, 7). Petitioner timely submitted objections to both R&Rs. (Civ. A. No. 3:23-285, Docket No. 7; Civ. A. No. 3:24-2, Docket No. 9). Petitioner was incarcerated at FCI Loretto at the time that he filed these Petitions, but the Federal Bureau of Prisons' Inmate Locator indicates that he was subsequently transferred to Detroit RRM and that he has a projected release date of January 13, 2025. The matter has been reassigned to the undersigned for prompt review and disposition. (Civ. A. No. 3:23-285, Docket No. 10; Civ. A. No. 3:24-2, Docket No. 12). After careful consideration of the habeas Petitions, the R&Rs, and Petitioner's objections, and the Court having conducted a de novo review of same, the Court finds that both Petitions should be dismissed preservice and that the cases should be marked closed. The Court briefly writes to clarify and provide additional reasons for such disposition.

By way of background, Petitioner was convicted of seven counts of filing false tax returns, and three counts of making false statements at a bench trial where he represented himself in the U.S. District Court for the Eastern District of Michigan. (Civ. A. No. 3:23-285, Docket No. 5). He was in presentence custody at the time of his trial. On July 18, 2023, he was sentenced to a total term of 36 months' imprisonment, followed by 24 months' supervised release and ordered to pay a $1,000 special assessment and $80,732.11 in restitution to the IRS. (Civ. A. No. 3:23-285, Docket No. 5-1). As the R&R points out, he appealed his conviction and sentence, including the order of restitution, to the U.S. Court of Appeals for the Sixth Circuit. (Civ. A. No. 3:23-285, Docket No. 5). The Government also initiated garnishment proceedings against him in the U.S. District Court for the Eastern District of Michigan, where Petitioner likewise disputed the restitution order, particularly the timing with which he must pay the restitution as immediately while he serves his sentence of incarceration or upon the commencement of his term of supervised release. (*Id.*).

With respect to the initial Petition filed at Civ. A. No. 3:23-285, the Court finds that the matter should be dismissed for failure to exhaust administrative remedies. *See, e.g., Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). To that end, the Petition indicates that Petitioner arrived at FCI Loretto to serve his sentence on August 25, 2023; he was sent a demand for payment by the U.S. Attorney's Office in the Eastern District of Michigan dated August 28, 2023 seeking immediate collection of the full amount of $81,732.11, including both $80,732.11 in restitution and the $1,000 special assessment; and was provided a copy of the garnishment complaint filed against him dated October 6, 2023, which also sought the full amount of both restitution and the special

2

assessment. (Civ. A. No. 3:23-285, Docket No. 4). However, the Petition only mentions that he had a discussion with his counselor about his belief that restitution was not immediately due under the J&C and includes a request to staff dated October 24, 2023, and a response thereto dated November 7, 2023. (Civ. A. No. 3:23-285, Docket No. 4-2). Petitioner then initiated this habeas petition approximately one week later, on November 15, 2023, without having first exhausted the other levels of appellate review within the BOP, including filing a formal complaint with the Warden, an appeal to the Regional Director, and then an appeal to the BOP's Office of General Counsel. *See e.g., Luster v. Williams*, No. CV 18-160, 2019 WL 652403, at *3 (W.D. Pa. Feb. 15, 2019) (citing 28 C.F.R. §§ 542.13, 542.14(a), and 524.15(a)). Hence, this Petition must be dismissed for failure to exhaust administrative remedies.

With that said, the Court understands that the U.S. District Court for the Eastern District of Michigan ruled in Petitioner's favor in the garnishment proceedings by sustaining his objections, in part, and holding that the J&C did not permit immediate collection of the $80,732.11 restitution award while Petitioner was serving the incarceration portion of his sentence. *See United States v. Lavigne*, No. 23-51467, 2024 WL 2271828, at *4 (E.D. Mich. May 20, 2024) ("If a court cannot order a defendant to pay restitution until their period of supervised release, it follows that the government cannot commence collection efforts on that part of the judgement's monetary penalties."). The amended petition for garnishment filed on May 30, 2024 seeks garnishment of $900, which is the remaining amount of the $1,000 special assessment which had been ordered. *See United States v. Lavigne,* Civ. A. No. 23-51467, Docket No. 16 (E.D. Mich. May 30, 2024). Therefore, it does not appear to the Court that any amount of the restitution has been paid, through the Inmate Financial Responsibility Program, or

otherwise, and that exhaustion of administrative remedies would have assisted in resolving this matter. Petitioner's objections are otherwise without merit such that they are overruled. (Civ. A. No. 3:23-285, Docket No. 7). In light of the garnishment proceedings and Petitioner's subsequent transfer to Detroit RRM, the Court holds that dismissal, without prejudice, for failure to exhaust administrative remedies is appropriate. *See, e.g., Vasquez*, 684 F.3d at 433 (citing *Moscato*, 98 F.3d at 760).

Moving on, the second Petition filed at Civ. A. No. 3:24-2 relates to Petitioner's complaints that FCI Loretto was subject to a lockdown on December 26, 2023 and December 27, 2023 due to a series of events involving other inmates and that the lockdown violated his own Constitutional rights because it prevented him from, among other things, accessing the computers in support of his litigation activities and participating in religious services which had been scheduled during the lockdown. (Civ. A. No. 3:24-2, Docket No. 6). The Court believes that the Report and Recommendation appropriately concludes that this action is in essence a civil rights case such that it must be dismissed, without prejudice. *See Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012) (affirming dismissal for lack of subject matter jurisdiction a prison conditions complaint filed as a habeas petition.). Petitioner's objections to the R&R are therefore overruled.

In addition, and consistent with the above-disposition of Civ. A. No. 3:23-285, the Court alternatively finds that insofar as Petitioner stated a plausible habeas claim under § 2241, he filed this petition less than a week after the events in question and without exhausting administrative remedies. *See, e.g., Vasquez*, 684 F.3d at 433 (citing *Moscato*, 98 F.3d at 760). Thus, the Court must also dismiss any purported § 2241 claims, without prejudice, due to his failure to exhaust administrative remedies before initiating this action.

Appropriate Orders follow.

                                                                                         *s/Nora Barry Fischer*
                                                                                         Nora Barry Fischer
                                                                                         Senior U.S. District Judge

Dated: December 23, 2024

cc/ecf: Magistrate Judge Keith A. Pesto

cc:     Donald Stanley Lavigne
        BOP # 77000-509
        Detroit RRM
        4026 E. ARKONA RD.
        MILAN, MI  48160 (via first class mail)